**CITY OF JOHNSTOWN POLICE DEPARTMENT**

v.

**Chandan S. VORA, Appellant.**

**No. 07–1939.**

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 July 19, 2007.

Filed: Aug. 1, 2007.

Chandan S. Vora, Johnstown, PA, pro se.

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges.

OPINION

PER CURIAM.

Chandan S. Vora appeals the order of the United States District Court for the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B) her "notice of removal" of various warrants and criminal complaints lodged against her in Johnstown, Pennsylvania.

In October 2006, Vora filed a "notice of removal" seeking to remove an old Johnstown Police arrest warrant issued in 2003 and a recent criminal complaint issued by the Johnstown Pennsylvania Police Department (No. CR–768–06). The Johnstown Police Complaint charges Vora with violations of Pennsylvania law, namely, lit-

tering and securing loads (loose garbage) in her vehicle. She claimed that the City of Johnstown Police Department and other city officials discriminated against her on account of her religious and ethnic background by issuing baseless and unconstitutional criminal citations.

The District Court dismissed the petition as frivolous under 28 U.S.C. § 1915(e)(2)(B), holding that the "Notice of Removal" sought to attack state court proceedings over which the District Court had no jurisdiction. This timely appeal followed.

Vora has been granted leave to proceed *in forma pauperis* on appeal. Because her appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that her notice of removal was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the arrest warrant and criminal complaint are part of a larger conspiracy by all city personnel to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. *Id.; see also* 28 U.S.C. § 1447(a). Even if we assume *arguendo* that the civil rights removal statute applies to the warrants and criminal complaint that Vora seeks to remove, her rambling, generalized, and unsupported allegations do not meet the specific criterion for § 1443 removal. *See City of Greenwood v. Peacock*, 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir.1968). We have no independent reason to believe that the City of Johnstown will not afford Vora any process she is due.

Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).